UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DENNIS RHODES, | No. 2:16-cv-00494 -TLN-KJN |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| ADAMS & ASSOCIATES, INC., | |
| Defendant. | |

This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion for Judgment on the Pleadings. (ECF No. 19.) Plaintiff Dennis Rhodes ("Plaintiff") opposes the motion. (ECF No. 20.) Defendant has filed a reply. (ECF No. 21.) For the reasons detailed below, the Court hereby GRANTS Defendant's motion for judgment on the pleadings (ECF No. 19).

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is an African American male who is over 40 years of age. (ECF No. 19-1 ¶¶ 25, 34.) Plaintiff states he has a B.A. in African American studies and has served as a community organizer for a non-profit in the past. (ECF No. 19-1 ¶ 10.) In 2011, Plaintiff was hired as a Residential Advisor for Sacramento Job Corps Center ("SJCC"), a career development facility for at-risk young adults. (ECF No. 19-1 ¶¶ 9–10.) Plaintiff describes his duties as "counseling students" and "maintaining clean and safe living conditions in the dorms." (ECF No. 19-1 ¶ 11.)

1

Plaintiff alleges he was an excellent employee with no disciplinary actions and was an active member of the California Federation of Teachers Union ("CFTU"). (ECF No. 19-1 ¶¶ 12–13.)

In February 2014, Defendant became the new managing corporation of SJCC. (ECF No. 19-1 ¶ 14.) Plaintiff alleges Defendant announced it planned to reorganize several job duties for some positions, reduce the number of Resident Advisor positions, and create a new position known as a Resident Coordinator. (ECF No. 19-1 ¶ 15.) Plaintiff alleges he submitted an application to Defendant and that Defendant promised to rehire Plaintiff to his Resident Advisor position if he did not have any disciplinary actions in his file. (ECF No. ¶¶ 16–17.)

Plaintiff alleges Defendant invited him for a first round interview, during which Plaintiff expressed his interest in either his prior position as a Resident Advisor or a new position as a "CTT Instructor." (ECF No. 19-1 ¶ 18.) Defendant interviewed Plaintiff again during a second round interview. (ECF No. 19-1 ¶ 18.) Plaintiff alleges he received a rejection letter from Defendant in March 2014, stating he would not be hired for the CTT Instructor position, but with no mention of his prior Resident Advisor position. (ECF No. 19-1 ¶ 19.) Plaintiff alleges "employees with equal or lesser experience were being hired for similar Advisor positions in violation of Job Corps' collective bargaining agreement with CFTU." (ECF No. 19-1 ¶ 20.)

On December 14, 2015, Plaintiff filed a complaint in the Superior Court of Sacramento County. (ECF No. 19-1 at 4.) Defendant answered in the Superior Court denying each claim and asserting affirmative defenses. (ECF No. 1-1 at 19–24.) On March 9, 2016, Defendant removed this action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) Defendant then moved for judgment on the pleadings contending that Plaintiff fails to state any claim on which relief can be granted. (ECF No. 19 at 7.)

Plaintiff alleges violations of California's Fair Employment and Housing Act ("FEHA") and common law: (i) age, race, and national origin discrimination in violation of California Government Code § 12940(a); (ii) retaliation in violation of California Government Code § 12940(h); (iii) failure to hire in violation of public policy in violation of California Government Code § 12940(k); (iv) failure to prevent discrimination in violation of California Government Code § 12940(k); and (v) intentional infliction of emotional distress. (ECF No. 19-1 at 7–13.)

## II.     STANDARD OF LAW

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–1055 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In analyzing a 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted).

A judgment on the pleadings is not appropriate if the Court "goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989); Fed. R. Civ. P. 12(d). A district court may, however, "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss [or motion for judgment on the pleadings] into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

"While Rule 12(c) of the Federal Rules of Civil Procedure does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure; it is common to apply Rule 12(c) to individual causes of action." *Strigliabotti v. Franklin Res., Inc.,* 398 F. Supp. 2d

1094, 1097 (N.D. Cal. 2005) (citing *Moran v. Peralta Cmty. Coll. Dist.,* 825 F. Supp. 891, 893 (N.D. Cal. 1993)). Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg v. City of Riverside,* 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Carmen v. S.F. Unified Sch. Dist.,* 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

### III. ANALYSIS

Defendant argues Plaintiff failed to plead sufficient facts to support any of his claims. (ECF No. 19 at 7.) The Court will discuss each claim in turn.

####    A.    Discrimination in Violation of California Government Code § 12940(a)

Defendant moves to dismiss Plaintiff's FEHA claims for discrimination on the basis of age, race, and national origin, arguing Plaintiff's pleadings are conclusory and "boilerplate." (ECF No. 19 at 9–10.) Plaintiff responds his claims are sufficiently stated. (ECF No. 20 at 4–5.)

FEHA prohibits an employer from discriminating against an employee because of the employee's age, sex, or race. CAL. GOV'T CODE § 12940(a). To state a claim for discrimination under FEHA, a plaintiff must allege: (i) he was a member of a protected class; (ii) he was performing competently in the position he held; (iii) he suffered an adverse employment action; and (iv) the employer acted with a discriminatory motive. *Ayala v. Frito Lay, Inc.*, No. 116-CV-01705-DAD-SKO, 2017 WL 2833401, at *7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013); *Guz v. Bechtel Nat'l., Inc.*, 24 Cal. 4th 317, 355 (2000)). A plaintiff can demonstrate discriminatory motive by showing "other similarly situated employees outside of the protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. 2015).

Plaintiff alleges Defendant knew he was a qualified, capable, African American, over 40 years old. (ECF No. 19-1 ¶¶ 26 & 36.) Plaintiff alleges Defendant failed to hire him despite indicating it would if he had no disciplinary history, but did hire employees with equal or lesser experience for similar positions. (ECF No. 19-1 ¶¶ 12, 17, 19, & 20.) Plaintiff's allegation Defendant failed to hire him because of his membership in protected classes is a recitation of an

element. *See Iqbal*, 556 U.S. at 678. Plaintiff's allegation Defendant hired other employees with equal or less experience is insufficient to plausibly suggest Defendant failed to hire him *because* of his age, race, or national origin. *See Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (finding the plaintiff did not allege facts rising to a plausible inference of age discrimination, such as being replaced by a younger employee, overhearing negative comments about age, or her age being point of discussion).

Plaintiff's allegations do not give rise to a plausible inference that Defendant failed to hire Plaintiff because of his membership in protected classes. *Achal*, 114 F. Supp. 3d at 802. Because Plaintiff has not alleged facts sufficient to support the fourth element in relation to any of his discrimination claims, the Court need not analyze the other three elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's discrimination claims.

      B.    <u>Retaliation in Violation of California Government Code § 12940(h)</u>

Plaintiff alleges he engaged in the protected activities of "being an African American male over the age of 40," and "an active member of the union representing Resident Advisors." (ECF No. 19-1 ¶¶ 45–46.) Plaintiff alleges Defendant retaliated against him by refusing to hire him because of those alleged protected activities. (ECF No. 19-1 ¶¶ 45–46.) Defendant argues Plaintiff's claim is preempted by the National Labor Relations Act ("NLRA"), and Plaintiff failed to show causation between Defendant's refusal to hire Plaintiff and any protected activity. (ECF No. 19 at 11–12.)

      i.    *National Labor Relations Act ("NLRA") Preemption*

In cases which involve either an actual or an arguable violation of either Section 7 or 8 of the NLRA, both the states and the federal courts must defer to the "exclusive competence" of the National Labor Relations Board ("NLRB"). *Commc'ns Workers of Am. v. Beck*, 487 U.S. 735, 742 (1988) (citing *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 245 (1959)). NLRA Section 7 protects employees' rights to join labor unions, collectively bargain, and engage in other activities for purposes of mutual aid. 29 U.S.C. § 157. NLRA Section 8 prevents employers from engaging in unfair labor practices or interfering with employees' rights to join

labor unions and bargain collectively.  29 U.S.C. § 158(a)(1)-(3).  Plaintiff's claim for retaliation based on Plaintiff's active union membership, if proven, would constitute a violation of the NLRA and is subject to *Garmon* preemption.  *Clayton v. Pepsi Cola Bottling Grp.*, Civ. A. No. CV85-5957-WMB, 1987 WL 46230, at *7 n.1 (C.D. Cal. Mar. 3, 1987).

Plaintiff responds *Garmon* preemption should not apply to his *entire* wrongful termination claim because Defendant had multiple illegal reasons for wrongfully terminating him (ECF No. 20 at 7–8) (citing *Balog v. LRJV, Inc.*, 204 Cal. App. 3d 1295, 1308–09 (Ct. App. 1988), *reh'g denied and opinion modified* (Sept. 20, 1988) (holding a court retains jurisdiction over wrongful termination claims based on many illegal reasons, if some reason or reasons were not even arguably related to unfair labor practices).  Plaintiff's complaint, however, is based on Defendant's refusal to hire him not wrongful termination (ECF No. 19-1 ¶ 19).  The Court will construe Plaintiff's response as arguing that *Garmon* preemption should not apply to his entire *retaliation* claim for failure to hire.

Plaintiff's claims for wrongful termination based on age, race, and national origin, are not arguably related to violations of either Section 7 or 8 of NLRA, which protect union activities.  The scheme of civil protection set out in FEHA is the type of interest "deeply rooted in local feeling and responsibility" NLRA does not deprive the states of the power to act on.  *See Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters*, 436 U.S. 180, 196 (1978); *Carter v. Smith Food King*, 765 F.2d 916, 921 n.6 (9th Cir. 1985).

Accordingly, Plaintiff's claim for retaliation based on union membership is preempted by NLRA, but Plaintiff's claims for retaliation for failure to hire based on Plaintiff's age, race, and national origin are not preempted.

### ii. *Pleading Adequacy of Plaintiff's Retaliation Claim*

Defendant argues Plaintiff's retaliation claims which are not preempted, for failure to hire because of age, race, and national origin, fail because Plaintiff has not alleged he engaged in any protected activity in relation to those claims, a required element.  (ECF No. 18 at 12–13.)

To establish claim for retaliation in violation of Section 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an

adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Ayala*, 2017 WL 2833401, at *12. "Protected activity" under Section 12940(h) means an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." CAL. GOV'T CODE § 12940(h); *Yanowitz*, at 1042.

Plaintiff's has not alleged he engaged in any protected activity under Section 12940(h), such as opposing a practice forbidden under FEHA or filing a complaint. Plaintiff's claim for retaliation is simply a duplicate of his age, race, and national origin discrimination claims. The only non-preempted "activity" Plaintiff alleges is "being" a member of protected classes under FEHA, which is not included among the activities which qualify as protected activity under Section 12940(h). Because Plaintiff has not alleged facts sufficient to support the first element of his retaliation claims based on age, race, or national origin, the Court need not analyze the other elements. As discussed above, Plaintiff's claim for retaliation based on union activities is subject to the exclusive jurisdiction of the NLRB. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's retaliation claim.

C. Failure to Hire in Violation of Public Policy

Plaintiff alleges Defendant failed to hire him in violation of public policy by rejecting his application because of his "protected characteristics, including his union affiliation." (ECF No. 19-1 ¶ 58.) Defendant argues Plaintiff's claim related to his union activity is preempted and the remainder of his claim is conclusory and fails to allege sufficient facts to state a claim for failure to hire related to his age, race, or national origin. (ECF No. 19 at 12–13.)

To state a claim for failure to hire based on disparate treatment, a plaintiff must show (1) he belongs to a protected class; (2) he applied for and was qualified for the position he was denied; (3) he was rejected despite his qualifications; and (4) the employer filled the position with an employee not of the plaintiff's class, or continued to consider other applicants whose qualifications were comparable to the plaintiff's after rejecting the plaintiff. *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005). Plaintiff has not alleged Defendant filled any positions with employees who were not members of the same protected class as

Plaintiff nor has Plaintiff alleged Defendant continued to consider other applicants whose qualifications were comparable to Plaintiff's after rejecting Plaintiff. Because Plaintiff has not alleged facts sufficient to support the fourth element of his failure to hire claim, the Court need not analyze the other three elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to hire claim.

D. Failure to Prevent Discrimination in Violation of California Government Code § 12940(k)

Defendant argues FEHA's Section 12940(k) does not give private litigants a cause of action for a stand-alone claim for failure to prevent discrimination as an independent violation. (ECF No. 19 at 13–14.) Defendant cites the Fair Employment and Housing Commission's ("FEHC") decision in *In the Matter of the Accusation of the Dep't Fair Empl. & Hous. v. Lyddan Law Group (Williams)*, FEHC Dec. No. 10-04-P, at *12 (Oct. 19, 2010) (holding "there cannot be a claim [by a private litigant] for failure to prevent discrimination without a valid claim for discrimination"). (ECF No. 19 at 13.) Plaintiff has not alleged facts sufficient to state a claim for discrimination based on age, race, or national origin, so Plaintiff's derivative claim of failure to prevent discrimination fails. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to prevent discrimination claim.

E. Intentional Infliction of Emotional Distress

Defendant argues Plaintiff's claim fails as a matter of law because Plaintiff's allegations with respect to intentional infliction of emotional distress relate to personnel management activities, which do not rise to the level of "extreme and outrageous conduct." (ECF No. 19 at 15.) To state a claim for intentional infliction of emotional distress, a plaintiff must show, among other things, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Extreme and outrageous conduct must "exceed all bounds of that usually tolerated in a civilized community." *Id*. at 1050–51. "Whether a defendant's conduct can reasonably be found to be [extreme and] outrageous is a question of law that must initially be determined by the court." *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (2007).

"A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electrs.,* 46 Cal. App. 4th 55, 80 (1996). "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Id.* Personnel management activity includes, "hiring and firing, job or project assignments, office or work station assignment, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off." *Id.* at 64–65.

Plaintiff alleges Defendant failed to hire him in favor of less qualified applicants despite Defendant's knowledge of Plaintiff's "protected characteristics." (ECF No. 19-1 ¶ 74.) Plaintiff has not alleged any facts that are outside Defendant's employment and supervisory duties. The action Plaintiff does allege — making a hiring decision — is an activity California courts have expressly found constitute personnel management activity. *Janken,* 46 Cal. App. 4th at 64–65.

Accordingly, the Court GRANTS Defendant's motion for Judgment on the Pleadings as to Plaintiff's intentional infliction of emotional distress claim.

### IV. LEAVE TO AMEND

Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg,* 300 F. Supp. 2d at 945; *Carmen,* 982 F. Supp. at 1401. The Court cannot say that the pleading could not possibly be cured by the allegation of other facts. Accordingly, the Court GRANTS Plaintiff leave to amend the complaint within 30 days of the date of this Order.

### V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (ECF No. 19) is hereby GRANTED as to all claims with leave to amend within 30 days of the date of this Order.

IT IS SO ORDERED.

Dated: September 5, 2017

Troy L. Nunley
United States District Judge