UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RHODES,<br><br>        Plaintiff,<br><br>    v.<br><br>ADAMS & ASSOCIATES, INC.,<br><br>        Defendant. | No. 2:16-cv-00494-TLN-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 28.) Plaintiff Dennis Rhodes ("Plaintiff") opposes the motion. (ECF No. 29.) Defendant has filed a reply. (ECF No. 31.) For the reasons detailed below, the Court hereby GRANTS Defendant's Motion to Dismiss, (ECF No. 28), with prejudice.

///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an African American male who is over 40 years of age. (ECF No. 27 ¶¶ 44, 52.) Plaintiff states he has a B.A. in African American Studies and has served as a community organizer for a non-profit in the past. (ECF No. 27 ¶ 10.) In 2011, Plaintiff was hired as a Residential Advisor for Sacramento Job Corps Center ("SJCC"), a career development facility for at-risk young adults. (ECF No. 27 ¶¶ 9–10.) Plaintiff describes his duties as "counseling students" and "maintaining clean and safe living conditions in the dorms." (ECF No. 27 ¶ 11.) Plaintiff alleges he was an excellent employee with no disciplinary actions and was an active member of the California Federation of Teachers Union ("CFTU"). (ECF No. 27 ¶¶ 12–13.)

In February 2014, Defendant became the new managing corporation of SJCC. (ECF No. 27 ¶ 3.) Plaintiff alleges Defendant announced it planned to reorganize several job duties for some positions, reduce the number of Resident Advisor positions, and create a new position known as a Resident Coordinator. (ECF No. 27 ¶ 21.) Plaintiff alleges he submitted an application to Defendant and that Defendant promised to rehire Plaintiff to his Resident Advisor position if he did not have any disciplinary actions in his file. (ECF No. 27 ¶¶ 22–23.)

Plaintiff alleges Defendant invited him for a first round interview, during which Plaintiff expressed his interest in either his prior position as a Resident Advisor or a new position as a "CTT Instructor." (ECF No. 27 ¶ 24.) Defendant interviewed Plaintiff again during a second round interview. (ECF No. 27 ¶ 24.) Plaintiff alleges he received a rejection letter from Defendant in March 2014, stating he would not be hired for the CTT Instructor position, but with no mention of his prior Resident Advisor position. (ECF No. 27 ¶ 26.)

Plaintiff alleges "employees with equal or lesser experience were being hired for similar Advisor positions in violation of Job Corps' collective bargaining agreement with CFT." (ECF No. 27 ¶ 27.) Plaintiff alleges "he had significantly more experience and qualifications than several younger, Caucasian and Hispanic applicants who were hired for positions by Defendant." (ECF No. 27 ¶ 29.) Plaintiff alleges Defendant requested applicants provide documentation of employment with SJCC, including pay records, and believes Defendant requested these documents to identify more senior employees who were paid at a higher pay scale. (ECF No. 27 ¶ 30.)

Defendant moved for judgment on the pleadings for failure to state a claim. (ECF No. 19 at 7.) The Court granted Defendant's motion as to all claims and granted Plaintiff leave to amend his complaint. (ECF No. 25.) Plaintiff amended his complaint, alleging the same six claims for violations of California's Fair Employment and Housing Act ("FEHA") and common law. (ECF No. 27 at 7–14.) Defendant moves to dismiss for failure to state a claim. (ECF No. 28.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 350 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that

3

have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Defendant argues Plaintiff fails to allege sufficient facts. (ECF No. 28 at 3.)

#### A. Discrimination in Violation of California Government Code § 12940(a)

Plaintiff claims Defendant discriminated against him due to his age, race, and national origin, by refusing to hire him because he was an African American over 40 years old. (ECF No. 27 ¶¶ 43–53.) To state a claim for discrimination under FEHA, a plaintiff must allege he suffered

an adverse employment action and the employer acted with a discriminatory motive. *Ayala v. Frito Lay, Inc.*, 2017 WL 2833401, at *7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013)). A plaintiff can demonstrate discriminatory motive by showing "other similarly situated employees outside of the protected class were treated more favorably." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. 2015).

Plaintiff alleges "employees with equal or lesser experience were being hired for similar Advisor positions," (ECF No. 27 ¶ 27), but does not allege those other employees were of different races, national origins, or ages. Plaintiff alleges "he had significantly more experience and qualifications than several younger, Caucasian and Hispanic applicants who were hired for positions by Defendant," (ECF No. 27 ¶ 29), but does not allege those other applicants were hired into the Resident Advisor or CTT Instructor positions for which Plaintiff applied.

Plaintiff has not alleged he was treated differently than similarly situated individuals. He has not alleged similarly situated employees who were not of Plaintiff's race, national origin, or age were treated more favorably. *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (finding the plaintiff did not allege facts rising to a plausible inference of age discrimination, such as being replaced by a younger employee, overhearing negative comments about age, or her age being point of discussion); *cf. McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004) (finding African American plaintiff stated a case for failure to promote by showing the employer transferred a white manager into a position rather than promoting any of the qualified African American interviewees). Plaintiff's allegations do not give rise to an inference that Defendant failed to hire Plaintiff because of his membership in protected classes. *Achal*, 114 F. Supp. 3d at 802. Accordingly, the Court GRANTS Defendant's motion to dismiss as to Plaintiff's discrimination claims.

B. Retaliation in Violation of California Government Code § 12940(h)

Plaintiff alleges Defendant retaliated against him by refusing to hire him because he engaged in protected activities of "being an African American male over the age of 40 and raising complaints about discrimination within Defendant's [] hiring practices." (ECF No. 27 ¶ 63.)

///

To establish claim for retaliation in violation of Section 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Ayala*, 2017 WL 2833401, at *12. "Protected activity" under Section 12940(h) means an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." CAL. GOV'T CODE § 12940(h); *Yanowitz*, 36 Cal. 4th at 1042.

Plaintiff's claim for retaliation because of his age and race is a duplication of his age, race, and national origin discrimination claims. "Being" a member of protected classes under FEHA is not among the activities which qualify as protected activity under Section 12940(h). CAL. GOV'T CODE § 12940(h); *Yanowitz*, 36 Cal. 4th at 1042. Plaintiff claims that *after* Defendant refused to hire him, he and his union representative "raised the question of discriminatory hiring practices." (ECF No. 27 ¶ 32.) Plaintiff has not alleged he engaged in any protected activity before Defendant declined to hire him, and he has not cited any authority to support a retaliation claim when the claimed retaliation took place prior to the protected activity. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's retaliation claim.

C. <u>Failure to Hire in Violation of Public Policy</u>

Plaintiff alleges Defendant failed to hire him in violation of public policy by rejecting his application because of his "aforementioned protected characteristics." (ECF No. 27 ¶ 73.)

To state a claim for failure to hire based on disparate treatment, a plaintiff must show he belongs to a protected class and the employer filled the position with an employee not of the plaintiff's class, or continued to consider other applicants whose qualifications were comparable to the plaintiff's after rejecting the plaintiff. *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005). Plaintiff has not alleged Defendant filled any positions with employees who were not members of the same protected class as Plaintiff or continued to consider applicants with comparable qualifications after rejecting Plaintiff. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's failure to hire claim.

///

D. <u>Failure to Prevent Discrimination in Violation of California Government Code § 12940(k)</u>

Plaintiff asserts a claim for failure to prevent discrimination pursuant to Cal. Gov't Code § 12940(k). (ECF No. 27 ¶ 80.) FEHA's Section 12940(k) does not give private litigants a cause of action for a stand-alone claim for failure to prevent discrimination as an independent violation. *In the Matter of the Accusation of the Dep't Fair Empl. & Hous. v. Lyddan Law Group (Williams)*, FEHC Dec. No. 10-04-P, at *12 (Oct. 19, 2010) (holding "there cannot be a claim [by a private litigant] for failure to prevent discrimination without a valid claim for discrimination"). Plaintiff has not alleged facts sufficient to state a claim for discrimination based on age, race, or national origin, so the derivative claim of failure to prevent discrimination fails. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's failure to prevent discrimination claim.

E. <u>Intentional Infliction of Emotional Distress</u>

To state a claim for intentional infliction of emotional distress, a plaintiff must show, among other things, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). "A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electrs.,* 46 Cal. App. 4th 55, 80 (1996).

Plaintiff alleges Defendant failed to hire him in favor of less qualified applicants despite Defendant's knowledge of Plaintiff's "protected characteristics." (ECF No. 27 ¶ 90.) Plaintiff has not alleged conduct other than making a hiring decision, and that is an activity California courts have expressly found constitute personnel management activity. *Janken,* 46 Cal. App. 4th at 64–65. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's intentional infliction of emotional distress claim.

**IV.    LEAVE TO AMEND**

"A district court may deny a plaintiff leave to amend if it determines that allegations of other facts consistent with the challenged pleading could not possibility cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure

deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). Although a court should freely give leave to amend when justice so requires, "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

Plaintiff has had two opportunities to allege facts sufficient to support his claims and has not done so. This Court provided detailed analysis in its order on Defendant's motion for judgment on the pleadings about the deficiencies of the original complaint as to each claim and granted leave to amend. (ECF No. 25.) Those deficiencies have not been cured and it would be futile to allow further opportunities to amend. Accordingly, the Court will not grant leave to amend.

### V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss, (ECF No. 28), with prejudice. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: August 13, 2018

Troy L. Nunley
United States District Judge